Bank of Long Beach, which I sometimes refer to as F&M. The District Court was mistaken in stating that the Bankruptcy Court reopened the case for purely administrative reasons. The record is clear that the only reason the Bankruptcy Court reopened the case was to provide the debtor, Valley Business Center, which I sometimes refer to as VBC, a platform to sue F&M, the bank. There's nothing in the record indicating any other purpose for reopening the case but that purpose, and that's exactly what VBC, the debtor, has done. It has sued F&M in the Bankruptcy Court by way of a procedure called objection to claim, and that matter is pending still in the Bankruptcy Court. And Mr. Glover, is it true that three of those actions were brought before the Bankruptcy Court reopened that case? I'm not positive whether they were brought before they were reopened, but an important factor is that while those matters were pending and within the procedures of those matters, the debtor, VBC, brought to the attention of the tribunals the fact that it had a greater advantage now for prosecuting those actions or proceedings because the case had been reopened. In fact, that appears, I believe, as a footnote in the State Court of Appeal opinion, the fact that the case has been reopened. So our position, Your Honor, is that it doesn't matter that those proceedings were brought before the case was reopened, but rather the debtor attempted in those proceedings to gain an advantage by contending that its status was now improved because it was now a debtor in possession in those cases. And the objection to the proof of claim within the Bankruptcy Court was brought as only it could have been brought after the case was reopened. Did any of those actions that had been brought before the order reopening the estate put the issue of whether farmers and merchants had, pardon me, whether VBC had standing, whether it was the owner of its own claim? Yes. And on those, as to those, as to that issue, was there any court determination that VBC did have standing before the reopening? No. In fact, I believe that the determination was VBC may not have had standing before the reopening. And I do know that in the State court proceedings, one of the objections that the bank raised to VBC's state claims was that if there was anyone capable of asserting these claims, it belonged to the bankruptcy trustee. Right. I know that because I am a lawyer. This was a Chapter 11 proceeding with an independent trustee. There was a reorganization trustee. Right. Yes, a Chapter 11 trustee, yes. So then the reopening, your position is the reopening in the bankruptcy court gave the debtor in possession title to the claim and therefore standing. No, we don't concede that. But what we do say is that enabled them to make that argument, to make that assertion that was no longer or that rather previously was unavailable to it because it wasn't debtor in possession. Was the was the trustee discharged when the case was previously dismissed? Yes, I believe that to be the case, Your Honor. And is that the law? I really don't know bankruptcy law, but is it the law that if a case like this is reopened, that the debtor automatically becomes a debtor in possession? Well, that seemed to be Judge Barr's opinion during the course of the hearing, but he conceded he hadn't researched it and I haven't researched it. But that certainly was the point taken by Judge Barr, yes. Did he ever make an order, you know, to that effect? Well, his opinion was that there was no order necessary, that just by virtue of the reopening, there's a debtor in possession. And that's the position he articulated from the bench, and that's the position that's been adopted by VBC, that they're now a debtor in possession. All right. Now, all the cases seem to say, at least the cases with which I'm familiar, that reopening is merely an administrative matter. And isn't that so in this case? It's just, you know, it's just an administrative device? No, far from it, Your Honor, because the What makes this case different from other cases in which the court held that, you know? What makes this case different is that the court, the bankruptcy court, articulated that basically the reason for the reopening was, now we're going to have a debtor in possession. Now I think there's going to be litigation. And I don't think we have to turn a blind eye to the fact that the only reason in the record why the case was reopened was to give them a platform to sue the bank. And that's why we assert, we think the law is complicated. And when the Ninth Circuit makes a clear pronouncement, we like to follow it. And we understand the law to be that a dismissed case cannot be reopened. That's a pretty simple proposition. Well, that's it. But that's like step two, though. I mean, you have to get past, you know, the ruling that you don't have standing because all this is administrative. Yes. And we're pleased to address that, Your Honor. And that is we do have standing because the reopening satisfies the criteria for standing that is articulated under Ninth Circuit law. To have standing to appeal from a bankruptcy court order and a grief party need only show one of the following, that the order diminished its property, that it increased its burdens, or that it detrimentally affected its rights. We certainly fall within two of those categories and probably three. Mr. Booker, does any case say that merely being the subject to litigation satisfies those criteria? Because the cases that I've seen so far indicate that because you would have all the defenses that you still have after the litigation commences, that that's not sufficient to reach the person who grieved death. Is there a case that holds otherwise? Well, we rely, among other things, on the PRTC case where we've cited that, where one of the creditors was assigned the right to sue another creditor. But that wasn't a reopening of the case? No, but it was a standing case. And that's what we're talking about now is standing. And that by virtue of the aggrieved party being subject of that litigation, and also by virtue of that aggrieved party being a creditor of the estate, the Ninth Circuit held he had standing. And the same applies to us here. We're the target of the litigation. In fact, it's not anticipated litigation. It's litigation that's already been brought. It's pending litigation. So it's not speculative. And we're also a creditor of this so-called estate because we obtained a state court judgment for attorneys' fees. So we're just like the party Ducor in the PRTC case, exactly like it. Mr. Kroger, one other question. I understand that the second adversarial complaint that was brought in the bankruptcy court was dismissed after the court had reopened that case. What was the grounds of that dismissal? Frankly, I don't remember, and I hesitate to give an answer unless I'm sure it's going to be accurate. But, by the way, that was in the ---- Was it lack of standing? Oh, I'm sure it was not lack of standing. Well, maybe I shouldn't say that because I don't remember. But I do know that dismissal was appealed to the district court. And there may be some confusion as to whether the appeal has been dismissed or not. I think maybe the district court confused that case with the appeal of the reopening order, but I'm not sure about that. So the status of that case is unclear. It was dismissed at the bankruptcy court level, yes. It was appealed to the district court. And I'm not sure what the status is of that appeal. There is an order dismissing it, but it may have been based upon a faulty premise. The district court said it was not perfect. Yes, but it ---- And now we still ---- Do you want to keep any time for public comment? I do. Yes, I do. Thank you, Your Honor. Thank you. Good morning, distinguished members of the panel. My name is Jim Tice. I'm here from Valley Business Center. Court, please. Really, if I may, the only issue to our way of thinking that is before this Court is whether the district court properly dismissed the bank's appeal on the ground that the bank had no standing. And that, of course, was premised upon the district court's finding that the PRTC case did control. And in the district ---- No, it found the PRTC case did not control. I'm sorry. It did not control. I'm sorry. It distinguished it. I beg your pardon. And ---- Distinguished it on what basis? Well, at page 19 of the district court's opinion, which I quote on page 7 of my brief, the district judge said that the appellant, the bank, was, in effect, rewriting the PRTC opinion because there ---- Page what? I'm sorry. Page what of the ---- No, of the ---- Page 19 of the ---- That must be at page 19 of the record. Go ahead. Go ahead. That's difficult. The memorandum in order doesn't have 19 pages. I could have quoted from ---- Yeah, it's only got 14 pages. Let's see here. They're all 190-something, I guess you're talking about, right, of the record. I can't tell what. Well, on your brief, it's page 11? Page 7. Yeah. If you want to look there, I quoted it. Fundamentally, the district court found that PRTC did not apply because, in that as the district court observed, this was merely an administrative reopening of the case for ---- Well, that's a characterization by abstraction. But let me put this case to you. Yes, sir. In PRTC, the order allowed, the transfer order allowed the transferee to sue the complaining party, correct? Yes, sir. All right. Up to the point where the estate was reopened, VBC had no standing to sue Farmers and Merchants Bank because it was not the proper party plaintiff, and to use California language, it was not the owner of the claim. If a claim had existed before, the trustee in bankruptcy had been the owner of the claim. The trustee had been discharged along with the bankruptcy being closed. Now the bankruptcy was reopened without a trustee. The ownership of the claim, however valid it might be, was vested by that order in the debtor in possession. The debtor in possession became analogous to the transferee in PRTC, the owner of the claim with the chosen action and ready to exercise that claim. Why is the PRTC case not directly on analogous point? Because, Your Honor, the debtor in possession is not a transferee. The debtor in possession is the owner of the claim. But the transferee does not become the owner of the claim until the transfer order is validated. The transferee in PRTC became the owner of the claim with the chosen action ready to sue the complaining party. You are in the same situation upon the reopening of the bankruptcy. You are vested with a right, a chosen action, against Farmers and Merchants Bank. It's on all fours, isn't it? I don't think so. Because that case had to go beyond the mere administrative reopening of the case by making findings that there was, there were grounds and that the debtor in possession or the debtor, the estate, if you will, had the right to make the transfer. Here all Judge Barr did was say I'm going to proceed further with this case and. But in PRTC there was no determination on the merits through the transfer of the right to sue to the transferee. It was simply clothing him with the attributes of an owner and therefore a proper party plaintiff in a lawsuit. That's exactly what happened in the order reopening the bankruptcy with VBC. The only asset of this estate, as I understand it, is a claim against Farmers and Merchants Bank. True? Yes, sir. The only asset that was being transferred in PRTC was the claim against the complaining party. Well, let's keep in mind that even if this court decides that Farmers and Merchants Bank had a direct pecuniary interest and therefore had standing, then this court still has to decide whether the district court properly declined to exercise its jurisdiction over an interlocutory order on that appeal. That was an alternative ground. What is our scope of review? Is it de novo or is it abuse of discretion or is it clear error? It's de novo on the first question and it's abuse of discretion on the second question. What was the reason the district court gave for that second reason? The district court didn't articulate very much about that. It basically threw that in at the end of its order granting VBC's motion to dismiss F&M Bank's appeal. The gist of the opinion, memorandum opinion from the district court, dealt with the bank's... It would be. And if that becomes an issue, then perhaps this court needs to send it back for further elucidation on that point. But my point to the court is that even if Farmers and Merchants Bank has standing, there's still the question of whether an appeal is even proper from the administrative order. And even if the bank wins on every point, all that happens is that this court sends the appeal back to the district court for further proceedings to decide whether the appeal has merit. That issue, the case in the district court was never even briefed. The district judge granted the motion to dismiss before briefs were filed. If it's sent back to the district court, the issue, I take it, would be whether the prior proceeding was closed in such a manner as to foreclose the reopening. Would that not be so? Had the statute run? Had the dismissal been final? Was any jurisdiction retained? If all those issues went to Farmers and Merchants way, that would be the end of the proceeding. That would be the primary issue before the district court because the bankruptcy court, Judge Barr held, that he would reopen the case for good and sufficient reasons. And Farmers immediately appealed from that order. So that would have to be the gist of the appeal was whether the bankruptcy court even had jurisdiction to reopen its own case. I would agree with that. My point was that all these collateral matters that have been raised in the opening brief are not properly before this court because the only thing here is whether the district court properly dismissed the appeal on the ground stated or whether the district court somehow abused its discretion in declining to hear the appeal even if the bank had standing. Well, if the bank had standing, if we reached the issue, according to the bank, this case cannot be reopened because it was never closed, right? It was dismissed. Well, that's the bank's. And the cases seem to say or the statute seems to say that only a closed case can be reopened. What's your response to that? And you agree, everybody seems to agree this case was never closed. It was dismissed. It wasn't closed because the Chapter 11 trustee entered into a settlement with the bank. Right. And the case was dismissed. Right. There was never a plan. How can it be reopened? I think that's just a semantic distinction, a choice of words that has no real distinction, Your Honor, because bankruptcy court always has inherent jurisdiction over its cases. And if it finds there was wrongdoing or finds there was a suggestion of wrongdoing, as has been alleged here by the objection to claim and by the other proceedings that preceded it, then it would be a miscarriage of justice for. Four years later, five years later, it would be a miscarriage of justice? Well, it depends. No statute of limitations come in here anyway? No statute of limitations has ever been alleged, Your Honor. Well, they haven't had a chance to. Well. They haven't been given standing. Okay. But that's my point. Whatever happens here, there has to be something. If it's against the appellee, there have to be further proceedings, because whatever issues there are or may be haven't been properly framed and addressed. With that, I agree. That's my only comment. We're not here to litigate the whole case. I agree. Anything else from the panel? Thank you very much. Thank you, sir. Do you wish to reply, sir? I couldn't put my hands on it, but I believe I cited some authority for the proposition that the review is de novo. I'll try to find that in my brief later. If the court agrees with our position that, indeed, we have standing, we would further urge the court to take the step and instruct the district court to reverse the bankruptcy court's erroneous reopening of a dismissed case. I don't know what point would be served. Another reason we have standing, because I didn't address this when I first spoke, was that because of the ruling by the state court of appeal, there can be no basis, further basis, for the debtor proceeding. Pardon me. In the bankruptcy court, did you move to dismiss this case on the grounds that it had already been dismissed? Or did the bankruptcy court short-circuit you by saying, you don't have standing even to make that motion? In the bankruptcy court, VBC moved to vacate the dismissal. We opposed their motion, and the motion was denied. A long line similar to statute of limitations. The motion was denied. Yes. Because under Rule 60, I think it is, a motion to vacate a dismissal has to be brought within a year or something, and they're well beyond the year, as you adverted to issues similar to statute of limitations. What remedy do you seek? The remedy we seek, Your Honor, is a finding of this court that, indeed, we have standing, and we think the court should be the case should be returned to the district court with instructions to overturn the bankruptcy court's erroneous ruling purporting to reopen a dismissed case, contrary to pronouncements of this and other courts, that a dismissed case cannot be reopened. All right. Thank you very much. Thank you very much. The case will be submitted to decision.
judges: Tashima, Bea, Ikuta